Leigh, J.
delivered the resolution of the court. The verdict submits to the court, simply, whether the store-house was, in law, a part of the tavern; and therefore this court is not called on to decide whether a store-house unconnected with a tavern is a public place within the meaning of the statute against unlawful gaming, 1 Rev. Code, ch. 147. The 16th section of that statute declares, that every house of entertainment or public resort within this commonwealth, whether the same be a licensed tavern or not, shall be deemed and taken to be a tavern, and the owner, master, keeper, or occupier of every such house shall be deemed a tavern keeper, within the true intent and meaning of the statute, and the owner, master, keeper or occupier of any tavern, licensed or unlicensed, shall moreover be deemed to be the owner, master, keeper or occupier of every house, out house, booth, harbour, garden and other place, within the curtilage of the principal house, tavern, messuage or tenement, or in any wise appurtenant, thereto, or at any time held therewith. In this case, the store-house was not within the curtilage, nor was it used in any manner with the tavern; and it cannot therefore be, a part of the tavern, unless it is made so by the words “ appurtenant thereto, or at any time held therewith,” used in the statute. These words are very broad, and if taken in their literal meaning, would make this store-house a part of the tavern, since the storehouse was held at the time of the gaming by the keeper of the tavern. But it would be improper, in putting a con *753 struction upon these words, to give to them their literal moaning: for if we were to do so, every house however remote from the tavern would be a part of it, if held at the same time with the tavern by the keeper. And we are of opinion, that the true construction of the statute requires, that the words “appurtenant thereto or at any time held therewith’'" should be held to make only such houses as are used in connection with the principal tavern for the convenience or accommodation of guests, a part of the tavern. But the court does not mean by any thing" in this opinion, to intimate, that a house in the occupation of a tavern keeper, to which guests resort for the purpose of gaming, would not be a part of the tavern.
The court is of opinion, and doth decide, that judgment ought to be given for the defendant upon the special verdict. Which is ordered to be certified &c.